Good morning, your honors. My name is Jane Lee and I represent the appellant. In the fall of 2008, the FBI began a drug and trafficking investigation into a drug conspiracy inside a public housing complex in Puerto Rico, in Ponce, Puerto Rico. They conducted the surveillance of the complex by setting up cameras in empty apartments and wiring CIs to do undercover buys. As a result of this two-year investigation, appellant and 26 others were arrested and charged with conspiracy. The appellant denied he was part of the conspiracy and he went to trial. At trial, the bulk of the evidence was concerning the existence of the drug point inside the housing complex. The evidence that the defendant was a member of this conspiracy was not overwhelming. Three cooperating co-defendants testified that the appellant was a member of the conspiracy, that he was in charge of the $3 cocaine and that he was the right-hand man to the leader of the conspiracy. Why, counsel, why isn't that overwhelming? It's not overwhelming, Your Honor, because these co-conspirators had a reason to testify the way they did. They received benefit from the way they were testifying. And the defense counsel vigorously attacked their credibility on many grounds. So isn't that what the adversarial system is all about? That is, Your Honor, but that is a... That credibility is tested through cross-examination and impeachment? Yes, but that, Your Honor, you're talking about sufficiency of the evidence in this case, and that is not the question before the court today. We're not talking about sufficiency of the evidence in this case. Even if there was sufficient evidence to convict this defendant, absent the erroneous evidence that was admitted, that does not mean that this defendant received a fair trial. The government admitted 10 photographs of extraneous incidents that had nothing to do with the conspiracy. Four photographs were admitted of the defendant going to the police station in Puerto Rico to bail out other people or to just get information about people arrested for horse theft. There's nothing to do with the conspiracy. Well, when you say it has nothing to do with the conspiracy, because obviously the horse theft doesn't have anything to do with the conspiracy, but isn't it relevant for the jury to know whether your client knew and how well he knew the other members of the conspiracy? For example, suppose your client didn't know them at all, didn't even know their names, had never met them. I would think that would be a big part of your case. You would, he would testify, I didn't know them. Conversely, if he knew them so well that he would be in a car with them or be rushing up to the station when one of them got arrested, doesn't that, although it's not sufficient, isn't it relevant to the prosecution's claim? No, Your Honor, it's not relevant to the prosecution's claim. It's association with other people who are guilty of a crime is not relevant evidence. I think the question is whether it's an association with a person who's a member of the conspiracy. That has to be relevant. No, Your Honor, that's not relevant. That is guilt by association evidence. And this Supreme Court has said guilt by association evidence is thoroughly discredited evidence. We don't put people in jail. We don't convict them. Is there a case precluding the government from showing knowledge of a member of a conspiracy of another member of the conspiracy? That, Your Honor, there's a lot of case law from the First Circuit saying, in instances exactly like this one, conspiracy cases that guilt by association evidence... But just my precise question, is there a case that says the government is unable to show that a member of conspiracy knows another member of the conspiracy? I don't, you know, I'm not aware of any case that says that. And I think that's part of the problem here. I think... Let's assume that you can show, government's entitled to show that a member of the conspiracy knows another member of the conspiracy. Just assume that for a moment. If that is right, is there anything problematic about the photograph? There's a lot that's problematic, if that's right. But I'm not conceding that that is right. What's wrong with it if you conceded that? Excuse me? What would be wrong with the photograph if we assumed that it was okay to show a picture of a member of the conspiracy with another member of the conspiracy? Okay, first of all, in this case, three different police officers testified about these photographs. And they testified about two separate instances of the photographs. During their testimony about the photographs, the officers used prejudicial and conclusory language saying, the defendant, Frankie, went to the police station with people who were also members of the conspiracy. The police officers ended up testifying to the actual ultimate issue in this case. Was defendant a member of this conspiracy? They said repeatedly, we photographed him in connection with investigating the conspiracy in the housing project. That's the issue in the case. Was there conspiracy in the housing project? Was defendant a member? They called, they said, they labeled the people who were arrested for horse theft, members, leaders of the conspiracy, leaders of this organization. Just back to the photograph, was there an objection to that testimony? There was, your honor. To that testimony itself? Well, there was an objection to the introduction of the photographs. Just on the photograph alone, put aside the testimony for a moment. Is there any problem with the photograph in and of itself beyond the fact that it showed the defendant with a member of the conspiracy? You mean beyond guilt by association evidence? Yes, there's no, I mean, the photograph, the admission of the photograph in and of itself was guilt by association evidence. But it wasn't separately prejudicial because of what was in the photograph? That it was of the person before who was at the police station for horse theft? Yes, your honor. I feel like I'm going around in circles, but yes, it's separately prejudicial because the fact that someone associates with criminals doesn't make them a criminal. It doesn't make them relevant. So you're introducing non-relevant evidence. This evidence isn't relevant to a point. So yes, the photographs are prejudicial all by themselves. Counselor, let me just quote U.S. v. Ortiz, a First Circuit case. And it says, the existence of a close relationship between a defendant and others involved in criminal activity, which is what those photographs depict, as part of a larger package of proof, assists in supporting an inference of involvement in illicit activity. So how do we get around that? Those cases, Ortiz and the other cases, are very, very different cases than this case. Those cases all had to do with defendants who were asserting that they were innocently present at the point of sale. They were talking about, Ortiz was in the car with the guy selling drugs with the cocaine on the seat between them in a glassine bag with a beeper. And he said, I was there innocently. And the court said, understandably, he's his brother-in-law. He traveled to the site with him. He picked him up. He associated closely with this person. You can use that to infer that he was not innocently present. All of those cases which quote that language, not all of them, most of those cases which quote that language from Ortiz, about presence at the point of sale or presence on a ship importing cocaine or drugs, where they're saying, look, on the ship, you're a close association. You did this before. You're seamen. You know each other. You're related. You go into a small space. You can see the drugs. But what if the photographs show this defendant at the drug point with other conspirators? Well, Your Honor, that's another thing. He didn't, this isn't a case of mere presence. He isn't arguing I was merely present at the drug point. He's saying, I don't belong to this conspiracy. I live there. This is my apartment. I've lived there 13 years. You have evidence of me getting in and out of my car at my apartment. That's where my door was. I know these people. They're my friends. I go to, I socialize with them. They're there. I go to birthday parties. I play basketball. I mean, what, if you allow this evidence, the government will be able to introduce photos of them at the bus stop or at a birthday party or playing basketball or chess. I think he played chess with one of these guys. You can't allow that. This is a slippery slope. And the language from Ortiz is an entirely different situation. That was a sufficiency. Those were all, almost all sufficiency, where the burden of proof is very prosecutor friendly. You know, you're allowed to take all sorts of, you know, draw all sorts of inferences from the evidence. That's not this case. The defendant objected as soon as this evidence came in. The defendant objected to one set of photographs, not the second set. He didn't object. That's correct, Your Honor. He didn't object to the second set. It would have been futile given that he made it very, he objected on the grounds of prejudice and on the grounds of relevancy, and the judge overruled it. The judge overruled it for, because of the language in Ortiz. But the point is, that language was for those specific cases. It's a very different situation. Suppose he was the brother of the head of the conspiracy. Could the prosecution put into evidence the fact that they're brothers? And that's very interesting, Your Honor. In these cases, talking about close relationships, they often talk about family relationships. But there's no, no, no, we don't know how that evidence got in, because those cases are never about the admission of the evidence. So we don't know how it came in that he's his brother. It doesn't come in, because when you have contested evidence about whether there's a conspiracy, it's always relevant to know the extent to which they know each other. It just, it isn't sufficient, but it's appropriate. There's a big difference between something coming in that he's his brother-in-law, and then this extraneous evidence of two different, it's a two-year period, and you have two different situations and incidences a year apart. That's a huge difference. And they're on, about incidents unrelated to the conspiracy. Thank you, Counselor. Thank you. Good morning. May it please the Court. John Matthews, appearing on behalf of the United States. Your Honor, I'd like to begin with basically where we left off with this idea of relevance. The government submits that this evidence was relevant to this case. This is a drug conspiracy. We're talking about Mr. Rodriguez-Soler, who was indicted with 26 co-defendants. To be specific, these photographs, the first three, which were rejected too, were taken with other co-conspirators near a police station. And this evidence was relevant to show that Mr. Rodriguez-Soler had a relationship with these other members of the conspiracy. How is it appropriate for a question to be asked that, or an answer to be given that this was taken when the defendant was with the other co-conspirators, which was the police officer's testimony? I'm sorry, can you repeat the question? The response from the police officer was that these photographs were taken with the other co-conspirators. Now, Your Honor, that particular testimony isn't necessarily how it should have been presented. The goal of the government was to show that Mr. Rodriguez-Soler knew these other people. And through the course of the 15-day trial, the testimony that came out from every co-conspirator, or excuse me, every cooperating witness, was regarding Mr. Rodriguez-Soler's participation in this conspiracy, his relationship with each defendant that was present either at the police station or in the case of the other photographs, which were not objected to during the traffic stop. And the evidence that came out was not only regarding the conspiracy, but specifically regarding Mr. Rodriguez-Soler's participation. So that testimony, I agree, it's not the role of a law enforcement agent to testify regarding, you know, the final question that should be submitted to the jury. Just on the photograph at the police station, if the government wants to show that he knows another member of the conspiracy, presumably it has many different ways of making that point. Why isn't it particularly prejudicial to choose to make that point by showing a photograph of the two of them together before a police station when one of the members is being charged or involved with separate criminal activity? In this case, it wasn't particularly prejudicial because when the evidence was submitted, the focus was just on the fact that Mr. Rodriguez-Soler was there with other, you know, members and that they were advocating on behalf of the members that had been arrested. So the point was to show that it was a close relationship because otherwise Mr. Rodriguez-Soler wouldn't even be involved in that process. So the focus wasn't on the horse theft. It was on the fact that there was a problem with, you know, members in this community and that Mr. Rodriguez-Soler was involved in trying to resolve that conflict. And the district court was in a position to examine the evidence and determine whether that was prejudicial or not. So why isn't that guilt by association? It's not guilt by association because in this case, and in fact, as you stated with U.S. v. Ortiz, other cases such as U.S. v. Allen, guilt by association is when the jury convicts someone because they're associated with someone who has committed a crime. So for example, my sister counsel quoted a case in the Fifth Circuit where during the case, law enforcement agents stood up and the government questioned and every question was, okay, who is this person? What crime were they convicted of? And that they knew this person. Okay, next question, the exact same thing over and over again. And they emphasize that, you know, it's not credible to assume that this person isn't guilty because he knew these other people that were guilty and they interacted with them in that particular instance. In this case, it wasn't guilt by association because the focus was on Mr. Rodriguez-Soler. So for example, in U.S. v. Allen, part of the quote was, the greatest risk where the defendant has done little but is closely associated with others already known to have been convicted or were co-conspirators. In this particular case, there was overwhelming evidence from the co-conspirators that Mr. Rodriguez-Soler was the second, the right-hand man of the drug point owner. And that not only did he give orders regarding the operation of the drug conspiracy, but that he sold drugs himself. He packaged drugs, he cut them, and made them ready for distribution on small scale quantities. Does that mean there's, I mean, that's relevant if we're going to say there was an error and then we decide whether it's harmless or not, whether there's overwhelming evidence. But just on the point of why there was no error in introducing the photograph in the first place, the reason there's no error can't be because there was lots of other evidence that's overwhelming. Right, no, we agree that there, you can't say that there wasn't guilt by association because there was overwhelming evidence, but it also is relevant for determining whether there's guilt by association in the first place. And you have to look at both what the evidence is and the relationship between that evidence and the defendant in the case. So in this particular case, the evidence was that this person was present with these other members, well, the evidence that came out was that they were in fact members of the conspiracy, but in a vast drug conspiracy of this case, that has to be relevant because all the evidence that is coming out is not only regarding Mr. Rodriguez-Soler's participation, but how the drug point operates in general. And so the fact that he's with these people shows that it's more likely, I mean, it's obviously circumstantial evidence, but the jury is looking at this and they can make a difference that there was some illicit activity because there was a relationship, which makes it more likely that there would be an agreement to A, distribute drugs, to arm themselves with weapons, to protect the turf and all those things. So the argument is that this is not guilt by association evidence. We don't even need to get to whether it was harmless here because it wasn't even, it was relevant. Under 401, it was relevant and the district court probably found that it wasn't prejudicial. If the court doesn't have any further questions, we will rest on our briefs. Thanks.